# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JAQUINNA JONES, )
)
    Plaintiff )
) **Case No.:**
  v. )
) **COMPLAINT AND DEMAND FOR**
USCB CORPORATION, ) **JURY TRIAL**
)
    Defendant ) **(Unlawful Debt Collection Practices)**
)

## COMPLAINT

JAQUINNA JONES ("Plaintiff"), by her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against USCB CORPORATION ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the Commonwealth of Pennsylvania and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

**PARTIES**

5. Plaintiff is a natural person residing in Philadelphia, PA 19135

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Also, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

8. Plaintiff is a person granted a cause of action under the FDCPA.  See 15 U.S.C. § 1692k(a) and Wenrich v. Cole, 2000 U.S. Dist. LEXIS 18687 (E.D. Pa. Dec. 22, 2000).

9. Defendant is a national debt collection company with its corporate headquarters located at 101 Harrison Street, Archbald, PA 18403.

10. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

11. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

12. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

13. At all relevant times, Defendant was attempting to collect an alleged consumer debt from Plaintiff.

14. The debt at issue arose out of transactions, which were primarily for personal, family, or household purposes.

15. Beginning in or around late March 2015 or early April 2015, and continuing through August 2015, Defendant, through its agents and representatives, engaged in debt collection activities seeking payment from Plaintiff for the alleged debt.

16. Defendant's harassing debt collection calls derived from numbers including, but not limited to (570) 803-0360 and (570) 876-6309.  The undersigned has confirmed that this

number belongs to the Defendant.

17.     On numerous occasions, Defendant's representatives called Plaintiff at least one (1) to two (2) times per day.

18.     During at least one telephone call, Defendant's representatives used language intended to abuse and upset Plaintiff.

19.     For example, during a telephone call in June 2015, a female representative of Defendant yelled at Plaintiff.

20.     Furthermore, Defendant's telephone calls were frequently placed at times known to be inconvenient, including while Plaintiff was at work, at the doctor's office, and during the weekends.

21.     Within five (5) days of its initial communication with Plaintiff, Defendant failed to send Plaintiff written notice setting forth her rights to dispute the debt and/or seek verification of the debt pursuant to the FDCPA.

22.     Defendant's actions as described herein were made with the intent to harass, upset, deceive, and coerce payment from Plaintiff.

**DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**

**COUNT I**
**DEFENDANT VIOLATED §1692d and 1692d(5) OF THE FDCPA**

23. Defendant's conduct, detailed in the preceding paragraphs, violated 15 U.S.C. §§1692d, 1692d(5).

   a. Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequences of which is to harass, oppress or abuse any person in connection with the collection of a debt.

b. Section 1692d(5) of the FDCPA prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass any person at the called number.

c. Defendant violated §§ 1692d and 1692d(5) of the FDCPA when it caused Plaintiff's telephone to ring repeatedly and continuously, after Plaintiff had informed Defendant to stop calling, with the intent to annoy, abuse and harass Plaintiff.

## COUNT II
### DEFENDANT VIOLATED §1692f OF THE FDCPA

24. Defendant's conduct, detailed in the preceding paragraphs, violated 15 U.S.C. §§ 1692f.

    a. Section 1692f of the FDCPA prohibits a debt collector from using unfair or unconscionable means to collect or attempt to collect any debt.

    b. Defendant violated §§ 1692f of the FDCPA when it continuously contacted Plaintiff when it failed to update its records to avoid the further harassment of Plaintiff.

## COUNT III
### DEFENDANT VIOLATED §1692g(a) OF THE FDCPA

25. Defendant's conduct, detailed in the preceding paragraphs, violated 15 U.S.C. §§1692d, 1692g(a).

    a. A debt collector violates §1692g(a) of the FDCPA by failing to send to the consumer, with five days after its initial communication with a consumer in connection with the collection of a debt, a written notice containing: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3)

    a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

  b. Here, Defendant violated § 1692g(a) of the FDCPA by failing to send written notification, within five (5) days after its initial communication with Plaintiff, advising Plaintiff of his rights to dispute the debt or request verification of the debt or providing him with the name of the original creditor and the amount of the debt.

WHEREFORE, Plaintiff, JAQUINNA JONES, respectfully pray for a judgment as follows:

  a. All actual compensatory damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

  b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

  c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

    d.  Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, JAQUINNA JONES, demands a jury trial in this case.

                                                RESPECTFULLY SUBMITTED,

DATED: 3/18/16              KIMMEL & SILVERMAN, P.C.

                                    By:  /s/ *Amy L. B. Ginsburg*
                                    Amy L. B. Ginsburg
                                    Kimmel & Silverman, P.C.
                                    30 East Butler Pike
                                    Ambler, PA 19002
                                    Phone: (215) 540-8888
                                    Fax: (877) 788-2864
                                    Email:  aginsburg@creditlaw.com